IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

GREGORY DEVON WORSLEY,          )
                                )
          Petitioner,           )
                                )          Civil Action No. 5:13-08096
v.                              )
                                )
JOEL ZIEGLER, Warden,           )
                                )
          Respondent.           )

**PROPOSED FINDINGS AND RECOMMENDATION**

On April 16, 2013, Petitioner, acting *pro se*,[1] filed his Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody and Memorandum in Support. (Document Nos. 1 and 2.) Petitioner contends that the Bureau of Prisons ["BOP"] is improperly excluding him from the Residential Drug Abuse Program ["RDAP"]. (Id.) Specifically, Petitioner alleges that "[t]he BOP exceeded its authority in categorically excluding from consideration inmates convicted of nonviolent crimes, who received a sentencing enhancement for possession of a firearm." (Id.) Specifically, Petitioner complains that "the BOP has wrongfully denied him eligibility for a sentence reduction based on a two-level sentence enhancement for possession of a firearm during the course of a drug trafficking conspiracy." (Id.) Petitioner argues he is "eligible for time off" pursuant to 18 U.S.C. § 3621(e)(2)(B).[2] (Id.)

---

[1]  Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] The undersigned further notes that Petitioner does not possess a constitutionally protected expectation interest in receiving a sentence reduction. Such a subjective expectation does not arise to the level of a constitutional claim. *See Mallette v. Arlington County Employees' Supplemental Ret. Sys. II*, 91 F.3d 630, 635 (4th Cir. 1996)("[A] mere expectation of a benefit – even if that expectation is supported by consistent government practice – is not sufficient to create an interest protected by procedural due

Petitioner contends that Section 3621(e)(2)(B) "does not permit resort to sentencing factors or sentencing enhancements attached to nonviolent offenses." (Id.) Petitioner, therefore, requests the Court to grant his *habeas* Petition and "order a sentence reduction." (Id.)

## DISCUSSION

**1.     Mootness:**

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

An incarcerated convict's (or a parolee's) challenge to the validity of his

---

process. Instead, the statute at issue must create an entitlement to the benefit before procedural due process rights are triggered."). Neither Section 3621(e), the BOP's Program Statement (P.S. 5162.04), nor the Code of Federal Regulations (28 C.F.R. § 550.55), contain explicit mandatory language or standards limiting the BOP's discretion, which may have given rise to a protected liberty interest in early release. *See Kentucky Dept. of Corr. v. Thompson*, 490 U.S. 454, 109 S.Ct. 1904, 1909-10, 104 L.Ed.2d 506 (1989)(Regulations must contain "explicitly mandatory language" to create a liberty interest.). Accordingly, Petitioner does not possess a statutorily protected expectation interest in early release.

> conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody and the absence of collateral consequences,[3] and therefore, his Section 2241 Application must be dismissed.[4] See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

**2.      Eligibility for Early Release Under Section 3621(e):**

Notwithstanding the foregoing, the undersigned will briefly consider the merits of Petitioner's claim. Petitioner asserts that the BOP erred by considering his sentence enhancement for possession of a firearm when determining whether he qualified for early release under the RDAP.

Title 18 U.S.C. § 3621(b), authorizes the BOP to implement drug abuse treatment programs for its prisoners: "The Bureau shall make available appropriate substance abuse

---

[3]   The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on January 15, 2016. (Document No. 9, p. 4.)

[4]   The undersigned further notes that federal prisoners have no constitutional or inherent right to participate in rehabilitative programs while incarcerated. *See Moody v. Daggett*, 429 U.S. 78, 88, n. 9, 97 S.Ct. 274, 279, n. 9, 50 L.Ed.2d 236 (1976)("[N]o due process protections were required upon the discretionary transfer of state prisoners to a substantially less agreeable prison, even where that transfer visited a 'grievous loss' upon the inmate. The same is true of prisoner classification and eligibility for rehabilitative programs in the federal system. Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. § 4081, and petitioner has no legitimate statutory or constitutional entitlement to invoke due process.").

treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). To effectuate this mandate, the BOP is required to ensure that all "eligible prisoners" "with a substance abuse problem have the opportunity to participate in appropriate substance abuse treatment . . . [and the BOP shall] provide residential substance abuse treatment." 18 U.S.C. § 3621(e)(1). As an incentive for successful completion of the RDAP, prisoners with non-violent offenses may receive a reduced sentence up to one year upon completion of the program as follows:

**(2) Incentive for prisoner's successful completion of treatment program. - -**

**(A) Generally.** – Any prisoner who, in the judgment of the Director of the Bureau of Prisons, has successfully completed a program of residential substance abuse treatment provided under paragraph (1) of this subsection, shall remain in the custody of the Bureau under such conditions as the Bureau deems appropriate. If the conditions of confinement are different from those the prisoner would have experienced absent the successful completion of the treatment, the Bureau shall periodically test the prisoner for substance abuse and discontinue such condition on determining that substance abuse has recurred.

**(B) Period of custody.** - - The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B). Section 3621, however, does not set forth the criteria for eligibility for early release. Rather, the statute vests the BOP with discretionary authority to determine when an inmate's sentence may be reduced. Thus, the BOP in its discretionary authority established criteria for determining eligibility for early release. 28 C.F.R. § 550.55[5] provides in

---

[5]   Title 28, C.F.R. § 550.55 sets forth in part, the following eligibility requirements:

(a) Eligibility. Inmates may be eligible for early release by a period not to exceed twelve months if they:
  (1) Were sentenced to a term of imprisonment under either:

  (i) 18 U.S.C. Chapter 227, Subchapter D for a nonviolent offense; or

part that inmates whose current felony offense is a felony that "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives" or "by its nature or conduct, presents a serious potential risk of physical force against the person or property of another" are ineligible for early release consideration. 28 C.F.R. § 550.55(b)(5)(ii) and (iii). The BOP explains this eligibility criteria in Program Statement [P.S.] 5331.02 stating that an inmate "shall be precluded from receiving certain Bureau program benefits" when the inmate's current offense is a felony that "[i]nvolved the carrying, possession, or use of a firearm or other dangerous weapon or explosive." P.S. 5162.05 § 4 identifies offenses that at the director's discretion shall preclude an inmate's receiving certain Bureau Program benefits. Section 4(b) of

---

(ii) D.C. Code § 24-403.01 for a nonviolent offense, meaning an offense other than those included within the definition of "crime of violence" in D.C. Code § 23-1331(4); and

(2) Successfully complete a RDAP, as described in § 550.53, during their current commitment.

(b) Inmates not eligible for early release. As an exercise of the Director's discretion, the following categories of inmates are not eligible for early release:
\* \* \*
(5) Inmates who have a current felony conviction for:
\* \* \*
(ii) An offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device);
(iii) An offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another; or
\* \* \*
(c)   Early release time-frame.
(1) Inmates so approved may receive early release up to twelve months prior to the expiration of the term of incarceration, except as provided in paragraphs (c)(2) and (3) of this section;
(2) Under the Director's discretion allowed by 18 U.S.C. 3621(e), we may limit the time-frame of early release based upon the length of sentence imposed by the Court;
(3) If inmates cannot fulfill their community-based treatment obligations by the presumptive release date, we may adjust provisional release date by the least amount of time necessary to allow inmates to fulfill their treatment obligations.

P.S. 5162.05 provides that a person convicted of a drug offense under 21 U.S.C. § 841 and 846, who has received a two-level sentencing enhancement for possession of a firearm or dangerous weapon has been convicted of an "offense that will preclude the inmate from receiving certain Bureau program benefits." Accordingly, P.S. 5162.05 precludes early release consideration pursuant to 18 U.S.C. § 3621(e)(2)(B), for any inmate whose drug conviction under 28 U.S.C. § 841 or 846 was enhanced based upon possession of a firearm because "possession of a dangerous weapon during the commission of a drug offense poses a substantial risk that force may be used against persons or property." P.S. 5162.05 § 4.

Although Petitioner contends that the BOP did not have authority to classify his drug conviction as a "crime of violence" rendering him ineligible for early release consideration pursuant to 18 U.S.C. § 3621(e), the express language of the statute clearly vests the BOP with broad discretion to make such a determination. However, because Congress failed to define "a nonviolent offense" for purposes of 18 U.S.C. § 3621(e)(2)(B), the Court must determine whether 28 C.F.R. § 550.55, as applied through Program Statement 5162.05 and 5331.02, represent a reasonable interpretation of the statute.

In reviewing an agency's interpretation of a statute, it is well settled that the Court must first determine "whether Congress has spoken directly to the precise question at issue." Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984). If Congress' intent is clear, "that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." Id. If Congress' intent is not clear however, then the statute is ambiguous and the question for the Court becomes "whether the agency's answer is based on a permissible

construction of the statute." Id. at 842, 104 S.Ct. at 2782. The Court must accord "substantial deference" to the agency's reasonable interpretation of a statute Congress has charged it with administering, unless the interpretation is "arbitrary, capricious, or manifestly contrary to the statute." Id. at 844-45, 104 S.Ct. at 2782-83. When the agency's regulatory action is not subject to the Administrative Procedures Act [APA], 5 U.S.C. § 553, however, deference due under Chevron is inapplicable and the agency's interpretation is only "entitled to some deference. . . [so long as] it is a 'permissible construction of the statute.'" See Reno v. Koray, 515 U.S. 50, 61, 115 S.Ct. 2021, 2027, 132 L.Ed.2d 46 (1995); see also, Fuller v. Moore, 1997 WL 791681 (4th Cir. Dec. 29, 1997)(BOP program statements are not subject to the rigors of the APA and therefore, are only entitled "some deference."). Although the Supreme Court did not explain the difference between "substantial deference" and "some deference," the Eleventh Circuit explained the meaning of "some deference" as follows:

> We do not think it is obvious, however, that "some deference" means there are occasions in which we should uphold the interpretation contained in a BOP program statement, even though it is different from the one we would reach if we were deciding the matter *de novo*. If that were not true, "some deference" would be the same as "no deference," and that would render the Supreme Court's word in Koray meaningless.

Cook v. Wiley, 208 F.3d 1314, 1319-20 (11th Cir. 2000). In Christensen v. Harris County, 529 U.S. 576, 120 S.Ct. 1655, 146 L.Ed.2d 621 (2000), in declining to defer to an agency's interpretation contained in an opinion letter, the Supreme Court stated:

> Interpretations such as those in opinion letters -- like interpretations contained in policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law -- do not warrant Chevron-style deference. Instead, interpretations contained in formats such as opinion letters are "entitled to respect" under our decision in Skidmore v. Swift & Co., 323 U.S. 134, 140, 65 S.Ct. 161, 89 L.Ed. 124 (1944), but only to the extent that those interpretations have the 'power to persuade.'

Christensen, 529 U.S. at 587, 120 S.Ct. at 1662 (citations omitted); see also United States v. Mead Corp., 533 U.S. 218, 235, 121 S.Ct. 2164, 150 L.Ed.2d 292 (2001)(new policy is entitled only "some deference" or "respect proportional to 'its power to persuade.'"). The BOP's interpretation as expressed in 28 C.F.R. § 550.55 is subject to the notice and comment provisions of the APA and therefore, the undersigned finds that the interpretation is entitled substantial deference. Program Statements 5162.05 and 5331.02, however, are not subject to the APA and therefore, are entitled to respect to the extent that it has power to persuade. Under this framework, the undersigned finds that the BOP's interpretations of Section 3621(e) and P.S. 5162.05 and 5331.02 are "permissible constructions of the statute" and are in accord with its plain meaning and legislative intent.

Section 3621(e) states that the sentence of an inmate "convicted of a non-violent offense . . . *may* be reduced by the Bureau of Prisons." 18 U.S.C. § 3621(e)(2)(B)(emphasis added). The legislative history indicates that part of the reason in passing Section 3621, was ultimately to reduce the recidivism rate of substance abusers by providing an incentive for inmates to obtain drug treatment. See Residential Substance Abuse Treatment in Federal Prisons, P.L. 103-322, Violent Crime Control and Law Enforcement Act of 1994, H.R. Rep. No. 103-320, at 2 (1993). The "non-violent offense" language, however, was inserted to ensure that inmates likely to commit violent crimes do not receive early release. Id. Other than alluding to the BOP's discretionary authority in awarding early release, the legislative history does not provide any further insight into whether the BOP could categorically exclude certain inmates from early release. Accordingly, the undersigned must determine under the second step of the Chevron analysis whether the BOP's interpretation of Section 3621(e) is a reasonable and permissible construction of the statute.

The BOP's interpretation of Section 3621(e) and establishment of eligibility criteria is entitled substantial deference. The undersigned finds that in view of the statute's complete silence on eligibility, the BOP's interpretation is not inconsistent with the language of the statute as a whole. The statute provides that the BOP may reduce the sentence of an inmate convicted of a nonviolent offense. The BOP has construed this language to mean that inmates who receive a sentence enhancement for possession of a firearm in connection with the commission of a drug offense should not be rewarded with a one year early release. See 28 C.F.R. § 550.55, P.S. 5162.05, P.S. 5331.02. In promulgating Section 550.55, the BOP explained in pertinent part as follows: "The Bureau recognizes that there is a significant potential for violence from criminals who carry, possess or use firearms while engaged in felonious activity. Thus, in the interest of public safety, these inmates should not be released months in advance of completing their sentence." Drug Abuse Treatment Program, 74 Fed.Reg. 1892, 1895 (Jan. 14, 2009). In Lopez v. Davis, 531 U.S. 230, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001), the United States Supreme Court determined that the BOP had not abused its discretion in promulgating Section 550.58 (1997 regulation) because the BOP "reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggest his readiness to resort to life-endangering violence." Lopez v. Davis, 531 U.S. 230, 244, 121 S.Ct. 714, 724, 148 L.Ed.2d 635 (2001)("[T]he Bureau may categorically exclude prisoners based on their preconviction conduct . . .."). The undersigned notes that effective March 16, 2009, 28 C.F.R. § 550.58 was modified slightly and redesigned as 28 C.F.R. § 550.55. Section 550.55 is essentially identical to Section 550.58, but contains a detailed rationale as to why inmates who have been convicted of carrying, possessing, or using a firearm in connection with a drug trafficking offense are

ineligible for consideration for early release. See Hicks v. Federal Bureau of Prisons, 603

F.Supp.2d 835 (D.S.C. 2009)(When applying Section 550.55, Petitioner's APA challenge fails

because the new regulation merely clarifies the BOP's position), aff'd, 358 Fed.Appx. 393 (4th

Cir. 2009), cert. denied, 560 U.S. 978, 130 S.Ct. 3442, 177 L.Ed.2d 347 (2010); also see Holland

v. Federal Bureau of Prisons, 2009 WL 2872835 (D.S.C. Sept. 2, 2009)(slip copy)(finding that

petitioner's petition should be dismissed because (1) his claim "based on *Arrington's* conclusion

that § 550.58 violated the APA fails because the regulation satisfies the Fourth Circuit's

requirement that the agency's rationale be 'reasonably discernable,'" and (2) "the newly adopted

§ 550.55 contains a detailed explanation"). The undersigned, therefore, finds that the BOP's

interpretation of Section 3621(e) is reasonable and permissible. Accordingly, Petitioner's

Section 2241 Application challenging the BOP's early release eligibility criteria must be

dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court

confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED**

that the District Court **DENY** Petitioner's Application to Proceed *in Forma Pauperis* (Document

No. 5), **DISMISS** Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal

Custody under 28 U.S.C. § 2241(Document Nos. 1 and 2) and **REMOVE** this matter from the

Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is

hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene

C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and

Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: February 24, 2016.

Omar J. Aboulhosn
United States Magistrate Judge